Steve W. Berman (Pro Hac Vice)
Thomas E. Loeser (Cal. Bar No. 202724)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

Peter B. Fredman (Cal. State Bar No. 189097)
LAW OFFICE OF PETER FREDMAN
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

David Pivtorak (State Bar No. 255943)
ATTORNEY AT LAW
50 Francisco St., Suite 450
San Francisco, CA 94133
Telephone (415) 484-3009
Facsimile: (877) 748-4529
pivtoraklaw@gmail.com
Attorney for Plaintiffs,

GUSTAVO REYES and MARIA
TERESA GUERRERO, husband and wife,
individually, and on behalf of others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO REYES and MARIA TERESA GUERRERO, husband and wife, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a national bank; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C 10-01667 (JCS)<br><br>**CLASS ACTION**<br><br>**STIPULATION AND (PROPOSED) ORDER FOR (1) LEAVE TO FILE SECOND AMENDED COMPLAINT, (2) EXTENSION OF TIME FOR WELLS FARGO DISCOVERY RESPONSES, AND (3) EXTENSION OF TIME FOR FILING MOTION FOR CLASS CERTIFICATION** |

**RECITALS**

1. This stipulation concerns a potential resolution of a discovery dispute involving Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") responses Special Interrogatories, Set One, ("Interrogatories") and Requests For Production, Set One, ("RFP") that Plaintiffs originally served on October 12, 2010 and corresponding extension of class certification motion briefing deadlines.

2. On November 15, 2010, Wells Fargo served responses to discovery that objected to class discovery on the primary grounds of burden and, among others, of the pending motion to dismiss the First Amended Complaint ("FAC") as potentially dispositive. On November 22, 2010, the Court granted a stipulated order giving Wells Fargo until December 22, 2010 to file supplemental discovery responses, with a corresponding extension of the deadline for filing the class certification motion. Since the motion to dismiss was still under submission, the Court approved a second such stipulated order, extending the supplemental response deadline to January 21, 2010 and class certification motion deadline another month. After issuance of the order on the motion dismiss, Wells Fargo requested a brief two-week extension to complete its research and analysis to serve the supplemental responses. On January 25, 2011, the Court granted the third such stipulated order, extending the supplemental deadline to February 4, 2011 and the class certification motion deadline by another month.

3. On February 04, 2011, Wells Fargo served supplemental discovery responses providing verified substantive answers that Plaintiffs considered unacceptable. The parties met and conferred, and scheduled a face-to-face meet and confer as required under the Standing Order. In lieu of Plaintiffs seeking a motion to compel, Wells Fargo agreed to serve a second set of supplemental responses which would require complex electronic data queries. On February 14, 2011, the Court granted the fourth stipulated order, setting the second supplemental response deadline as March 7, 2011, again with a corresponding extension of the time to file the motion for class certification. The face-to-face meet and confer session was continued week-to-week pending review of the second supplemental responses.

4.	On March 03, 2011, Wells Fargo served a second set of supplemental responses that provided verified answers including the requested data obtained from electronic queries of its servicing records.  Plaintiffs, however, still believed these responses to be facially contradictory, incomplete, and/or non-responsive.  Plaintiffs also took issue with the fact that some of Wells Fargo's Interrogatory responses concluded with the following sentence: "Given the limitations of an electronic query, Defendant cannot make a representation as to the completeness of this response."  At the face-to-face meet and confer session, Wells Fargo's counsel explained that the data queries had been undertaken with respect to "active" electronic servicing records but not inactive records of loans that had been closed on the servicing system and were on backup tapes.

5.	The parties met and conferred further, and Wells Fargo agreed to restore the backup tapes, conduct further electronic queries and provide a third set of supplemental Interrogatory responses that would provide as much information retrievable via electronic search of responsive loans with the letter Wells Fargo sent Plaintiffs (coded LM004, LW005) without conducting a manual review of each loan file.  During the meet and confers, Wells Fargo's counsel objected that the Interrogatories requested information beyond the scope of the proposed class definition in the FAC and, therefore, were irrelevant.  In response, Plaintiffs' counsel proposed to resolve this objection by an amendment that would broaden the class definition.

## **STIPULATION**

THEREFORE, the parties stipulate and request that the Court order as follows:

1.	Good cause exists to grant Plaintiffs leave to file the Second Amended Complaint (SAC) attached hereto (in redline) as Exhibit A.  The only change to the SAC is in the class definition at paragraph 23. The parties stipulate that the Court's January 3, 2011 Order Granting In Part Motion to Dismiss Plaintiff's First Amended Complaint shall apply the same to the SAC such that the claims dismissed by that Order remained dismissed.  The parties further stipulate that Wells Fargo's previously filed Answer to the FAC shall be deemed the responsive pleading to the SAC so that no further response is required.

_____ 3 _____

2. Within 30 days from the filing of the stipulation, Wells Fargo will provide an additional set of supplemental responses to the Interrogatories that will provide further verified answers and affirm that Wells Fargo conducted diligent electronic queries of all servicing records of responsive loans, and that the supplemental Interrogatory responses would provide as much information retrievable via electronic search of responsive loans receiving the letter Wells Fargo sent Plaintiffs (coded LM004, LW005) without conducting a manual review of each loan file.

3. To facilitate this arrangement, and in lieu of the time spent meeting and conferring, that Plaintiffs' deadline to file their motion for class certification be extended 60 days, from July 14, 2011 to September 12, 2011 with Wells Fargo's opposition due October 12, 2011.

4. This stipulation is without prejudice to the rights, claims, defenses and arguments of all parties.

**IT IS SO STIPULATED**

DATE:  March 23, 2011				LAW OFFICE OF PETER B. FREDMAN


						By: /s/ Peter Fredman
						      Attorney for Plaintiffs

DATE:  March 23, 2011				SEVERSON & WERSON
						A Professional Corporation


						By: /s/ Joshua E. Whitehair
						      Attorney for Defendant

### **ORDER**

1. Plaintiffs are hereby granted leave to file the Second Amended Complaint attached hereto as Exhibit A, which shall be subject to the Court's January 3, 2011 Order Granting In Part Motion to Dismiss Plaintiff's First Amended Complaint such that the claims

_____
4
STIPULATION AND (PROPOSED) ORDER
Reyes v. Wells Fargo -- NO. 10-01667 (JCS)

1  dismissed by that Order remained dismissed.  Wells Fargo's previously filed Answer to the First
2  Amended Complaint is deemed to be the responsive pleading to the Second Amended Complaint
3  so that no further response to the Second Amended Complaint from Wells Fargo is required.

4      2.    Within 30 days from the filing of the stipulation, Defendant Wells Fargo shall
5  provide an additional set of supplemental responses to the Interrogatories that will provide
6  further verified answers and affirm that Wells Fargo conducted electronic queries of all servicing
7  records of responsive loans, and that the supplemental Interrogatory responses will provide as
8  much information retrievable via electronic search of responsive loans receiving the letter Wells
9  Fargo sent Plaintiffs (coded LM004, LW005) without conducting a manual review of each loan
10 file.

11     3.    Plaintiffs deadline for filing their motion for class certification is hereby extended
12 60 days, from July 14, 2011 to September 12, 2011.  Wells Fargo's opposition will be due
13 October 12, 2011.

**IT IS SO ORDERED**

Date:____03/23/11_____

_____
Hon. Joseph C. Spero
U.S. MAGISTRATE JUDGE

5