Steve W. Berman (*Pro Hac Vice*)
Thomas E. Loeser (State Bar No. 202724)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

Peter B. Fredman (State Bar No. 189097)
**LAW OFFICE OF PETER FREDMAN**
125 University Ave, Suite 102
Berkeley, CA 94710
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

David Pivtorak (State Bar No. 255943)
**LAW OFFICE OF DAVID PIVTORAK**
166 Santa Clara Ave. Suite 205
Oakland, California 94610
Telephone (510) 658-2500
Facsimile: (877) 748-4529
pivtoraklaw@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO REYES and MARIA TERESA GUERRERO, husband and wife, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a national bank; and DOES 1-100, inclusive,<br><br>Defendants. | No. C-10-01667 JCS<br><br>CLASS ACTION<br><br>NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: February 4, 2013<br>Time: 11:00 a.m.<br>Dept.: Courtroom G, 15th Floor<br>Judge: Hon. Joseph C. Spero |

1       PLEASE TAKE NOTICE that at 11:00 a.m. on Monday, February 4, 2013, or as soon as

2   the matter may be heard by the Honorable Magistrate Judge Joseph C. Spero of the United States

3   District Court of the Northern District of California, San Francisco Division, located at 450 Golden

4   Gate Avenue, San Francisco, California, Courtroom G, 15th Floor, Plaintiffs will and hereby do

5   move the Court pursuant to Federal Rules of Civil Procedure 23 for an order: 1) preliminarily

6   approving the proposed class action settlement; 2) conditionally certifying a settlement class;

7   3) appointing the named Plaintiffs as class representatives; 4) appointing Hagens Berman Sobol

8   Shapiro LLP, the Law Office of Peter Fredman, and the Law Offices of David Pivtorak as Class

9   Counsel; 5) approving and directing the dissemination of the proposed notice and claims process;

10  6) approving the proposed methods and procedures for providing notice; 7) adopting the proposed

11  schedule for the Final Approval Hearing and other deadlines related to the administration of the

12  settlement; and 8) temporarily barring and enjoining the institution or continued prosecution by

13  Plaintiffs or other class members of any action asserting the claims released in this proposed

14  settlement.

15      This motion is based on the following memorandum of points and authorities; the Class

16  Action Settlement Agreement and Release and exhibits thereto (the "Settlement Agreement"),

17  Declaration of Peter Fredman, Esq. in Support of Preliminary Approval, and the Proposed Order

18  Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") filed

19  herewith, as well as all the pleadings and the papers on file in this action and such other matters as

20  the Court may consider.

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

<u>Page</u>

I.      INTRODUCTION .................................................................................................1

II.     SUMMARY OF ARGUMENT ............................................................................1

III.    SUMMARY OF NOTICE AND CLAIMS PROCESS .........................................2

IV.     BACKGROUND ..................................................................................................3

V.      SETTLEMENT AGREEMENT ..........................................................................4

VI.     ARGUMENT .......................................................................................................5

        A.      The Court's Role in Approving a Class Action Settlement. .......................5

        B.      The Proposed Settlement Merits Preliminary Approval. ...........................6

                1.      The Settlement Agreement obtains the maximum relief available to the
                        Class. ...........................................................................................6

                2.      All indicia of a fair class action settlement are present. ..................7

                3.      The proposed attorney fee award is reasonable. .............................7

                4.      The proposed Settlement Class satisfies Rule 23. ..........................8

        C.      The Proposed Notice and Claims Process are the Best Practicable, ...........9

VII.    CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ..................................................................................................8

*Churchill Vill., LLC v. General Elec.,*
    361 F.3d 566 (9th Cir. 2004) ....................................................................................6

*Collins v. Cargill Meat Solutions Corp.,*
    274 F.R.D. 294 (E.D. Cal. 2011)..............................................................................5

*Evon v. Law Offices of Sidney Mickell,*
    688 F.3d 1015 (9th Cir. 2012) ..................................................................................7

*Gonzales v. Arrow Fin. Servs., LLC,*
    660 F.3d 1055 (9th Cir. 2011) ..................................................................................9

*Gonzales v. Arrow Fin. Servs., LLC*
    233 F.R.D. 577 (S.D. Cal. 2006) ..........................................................................6, 9

*Hartung v. J.D. Byrider, Inc.,*
    2009 U.S. Dist. LEXIS 54415 (E.D. Cal. June 26, 2009) ........................................6

*In re Bluetooth Headset Prods. Liab. Litig.,*
    654 F.3d 935 (9th Cir. 2011) ....................................................................................5

*In re Tableware Antitrust Litig.,*
    484 F. Supp. 2d 1078 (N.D. Cal. 2007).....................................................................5

*Linney v. Cellular Alaska P'ship,*
    151 F.3d 1234 (9th Cir. 1998) ..................................................................................7

*Reyes v. Wells Fargo Bank, N.A.,*
    2010 U.S. Dist. LEXIS 113821 (N.D. Cal. June 29, 2010)......................................3

*Reyes v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 2235 (N.D. Cal. Jan. 3, 2011)............................................3

*Schwarm v. Craighead,*
    814 F. Supp. 2d 1025(E.D. Cal. 2011) ......................................................................7

*Valero v. Bryant, LaFayette & Assocs., LLC,*
    2011 U.S. Dist. LEXIS 40578 (E.D. Cal. Apr. 14, 2011) ........................................6

## STATUTES

15 U.S.C. § 1692k(a)............................................................................................6, 7

CAL. CIV. CODE § 1788.17 .............................................................................................. 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004) ...................................... 5

## I.     INTRODUCTION

Plaintiffs Gustavo Reyes and Maria Teresa Guerrero ("Plaintiffs") seek preliminary approval of their proposed class action settlement with Defendant Wells Fargo Bank ("Wells Fargo") of claims arising from allegedly deceptive Special Forbearance Agreement ("SFA") offers that it sent to delinquent residential mortgage borrowers. The proposed settlement class consists of said California borrowers who: (a) received the SFA offer *and* (b) made all trial plan payments it required *but* (c) did not receive loan modifications between March 12, 2009, and October 31, 2012 (the "Settlement Class"). Under The Class Action Settlement Agreement and Release (the "Settlement Agreement"), submitted herewith, Wells Fargo will pay $500,000 into a *non-reversionary* fund to be divided equally among all class members who timely submit claims (the "Settlement Fund"). In consideration, the class settles and releases all claims "arising from or related to" the SFA offer.

## II.     SUMMARY OF ARGUMENT

The proposed settlement is fair, reasonable, adequate and worthy of preliminary approval because $500,000 is the maximum class relief available under the Rosenthal Fair Debt Collections Act, CALIFORNIA CIVIL CODE §§ 1788 *et seq.* (the "Rosenthal Act"). And this is the maximum relief available under any theory because this Court dismissed Plaintiffs' contract claims pursuant to Rule 12, and held that restitution of trial payments is not available under the Unfair Competition Law, CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 (the "UCL"). Plaintiffs conceive no other viable basis of recovery. The narrow class definition – limited to those persons who actually made their payments but did not receive modifications – serves to maximize the settlement payment to each class member who makes a claim.

The other indicia of a fair settlement are all present. Plaintiffs were represented by experienced class counsel, who negotiated the settlement under the supervision of a respected mediator. The case was extensively litigated up to and including the hearing on Plaintiffs' motion for class certification on June 15, 2012. At that time, the Court clarified that restitution of the trial payments was not an available remedy under any theory in this case. This caused a resumption of settlement discussions, which ultimately led to the Settlement Agreement. Class counsels'

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 1
010234-11 582355 V1

agreement to an attorney fee award "not to exceed" $500,000 represents a substantial *discount* off

their actual lodestar.

### III.    SUMMARY OF NOTICE AND CLAIMS PROCESS

The Settlement Agreement contemplates a broad notice and claims process because it is impractical to distill reliable data as to which of the approximately 28,000 SFA offer recipients satisfy the other criteria of the class definition. Class Counsel and Wells Fargo have jointly identified the SFA offer templates "substantially similar" to that sent to Plaintiffs. Upon preliminary approval, Wells Fargo will generate a list identifying all the California borrowers who were sent said SFA offers regardless of the other criteria of class membership.

The notice and claim forms will be sent to the last known address of each person on said list. However, only persons on the list who also satisfy the other criteria of the class definition – *i.e.*, also made their trial payments but did not get loan modifications – will ultimately be members of the Settlement Class subject to the release. Following final approval, the Settlement Fund will be divided equally among all members of the Settlement Class who timely make allowed claims. The only potential residual, un-cashed checks (of Class members who affirmatively submitted claims), would go to a *cy pres* recipient.

The proposed schedule, as set forth on the preliminary approval order, is as follows:

| **Settlement Event** | **Days** | **Proposed Date** |
|---|---|---|
| Preliminary Approval Granted | 1 | February 4, 2013 |
| **Mailing of the notice and claim form to all persons on the class list to be completed** | **+39** | **March 15, 2013** |
| Publication of settlement website | +39 | March 15, 2013 |
| Deadline for class members to submit claims | +84 | April 30, 2013 |
| Deadline for class members to opt out | +84 | April 30, 2013 |
| Deadline for settlement administrator to mail last deficiency notice as to deficient claims, if any | +99 | May 15, 2013 |
| Deadline for class members to file and serve objections | +114 | May 30, 2013 |
| Deadline for class members to submit appeals of deficient claims notices | +120 | June 5, 2013 |
| Deadline for settlement administrator to provide "class list," opt-out list, and data regarding allowed claims | +130 | June 15, 2013 |

| Deadline to file motion for final approval and attorney fees and service awards | +143 | June 28, 2013 |
|---|---|---|
| **Hearing on motion for final approval, etc.** | **+167** | **July 12, 2013 (Friday)** |
| *Final Judgment Entered* | *1* | *July 12, 2013* |
| *Judgment Becomes Final Against Appeals (presumptive)* | *+30* | *August 11, 2013* |
| *Distribution Date. Wells Fargo pays (1) settlement funds to settlement administrator, which commences distribution therefrom (60 day checks), and (2) attorney fee award* | *+40* | *August 21, 2013* |
| *Final accounting report and application for release of cy pres distribution, if any* | *+90* | *November 22, 2013* (Friday) |

## IV.   BACKGROUND

On March 11, 2010, Plaintiffs filed this action in the Alameda County Superior Court. It originally pled claims for breach of contract and rescission/restitution in addition to the Rosenthal Act and UCL claims at issue here. On April 19, 2010, Wells Fargo removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). Plaintiffs' motion for remand was denied on June 29, 2010. Dkt No. 17; *Reyes v. Wells Fargo Bank*, *N.A.*, 2010 U.S. Dist. LEXIS 113821 (N.D. Cal. June 29, 2010).

On January 3, 2011, this Court patially granted Wells Fargo's motion to dismiss the First Amended Complaint ("FAC"). Dkt No. 43; *Reyes v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 2235 (N.D. Cal. Jan. 3, 2011). Specifically, the Court allowed the Rosenthal Act and UCL claims to proceed, but dismissed the claims for breach of contract and rescission/restitution. On February 22, 2011, Hagens Berman Sobol Shapiro LLP, a nationally recognized class action law firm, joined as co-counsel for the Plaintiffs. The operative Second Amended Complaint ("SAC") was filed on March 24, 2011.

The parties engaged in vigorous discovery for approximately a year. Plaintiffs obtained numerous documents and four depositions of Wells Fargo personnel pertaining to its forms, policies, practices, and data pertaining to the putative class. In particular, Wells Fargo produced several Excel spreadsheets, each with thousands of rows of data, pertaining to the putative class size and composition.

Following discovery, the parties delayed the class briefing schedule in order to attempt to mediate the matter. Dkt. No. 63. On February 16, 2012, the parties engaged in a full day session before Hon. Ronald Sabraw (Ret.) of JAMS.  The case did not settle at that time, but the parties made progress, and continued to engage in settlement discussions thereafter.

On March 21, 2012, Plaintiffs filed their motion for class certification and related papers. Dkt No. 66. The class briefing was extensive. Wells Fargo's opposition included a major new production of documents and data, including statistical sampling and analysis and samples of loan files. Dkt Nos. 80-94. These new materials contributed substantially to the parties understanding of the case and factored into this settlement.

On June 15, 2012, the motion for class certification came for hearing before the Court, which ordered further briefing on several issues. In the process, the Court provided feedback on the potential scope of the class, and clarified that restitution of the trial payments was not an available remedy. These developments led the parties to resume settlement discussions, which Judge Sabraw further assisted, culminating in the proposed Settlement Agreement.

## V.    SETTLEMENT AGREEMENT[1]

Specifically, in exchange for the release of all claims by "arising from or related to" the SFA offers like the one Plaintiffs received, Wells Fargo agreed to pay the Settlement Class the sum of $500,000. Settlement Agreement, §§ A.3, B.1.b. Participation awards to the named Plaintiffs, if any, will be paid out of this Settlement Fund, subject to Court approval. *See id*. § A.5. Otherwise, the entire Settlement Fund will be distributed in equal shares to class members who make timely claims. *See id*. § A.3. Any residual, resulting from un-cashed checks for example, will go to a *cy pres* recipient to be designated by the parties, subject to Court approval, at the final hearing.

Wells Fargo will separately pay the entire costs of class notice and administration, described above, as well as an attorney fee award not to exceed $500,000, also subject to Court approval. *See id*. §§ A.6  and C.3, *et seq.* Finally, in connection with Plaintiffs' move-out of the

---

[1] The executed Settlement Agreement is filed herewith as Exhibit 1 to the Declaration of Peter Fredman, Esq. The Settlement Agreement incorporates as exhibits thereto: (Exhibit A) SFA offer, (Exhibit B) proposed notice, (Exhibit C) proposed claim form, (Exhibit D) proposed preliminary approval order, and (Exhibit E) proposed final approval order and judgment.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 4
010234-11 582355 V1

subject property on or about January 1, 2013, and related mutual releases, Wells Fargo paid them $5,230 as in a separate "cash for keys" settlement that was not contingent on the broader class settlement. *See id.* § A.4.

## VI.    ARGUMENT

### A.    The Court's Role in Approving a Class Action Settlement.

Rule 23 of the Federal Rule of Civil Procedure ("Rule 23") requires judicial approval of any compromise or settlement of class action claims. Fed. R. Civ. P. 23(e). Such approval is a multi-step, court-supervised process, beginning with preliminary approval. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632, 320-21 (2004). Upon preliminary approval, the class is given notice and the opportunity to object to or opt-out of the settlement and, under this proposed structure, class claims are received. *See id.* At a fairness hearing following this process, the court considers claims and opt-out data and any objections, among other things, in determining if final approval should be granted. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 945-947 (9th Cir. 2011).

Thus, preliminary approval is not dispositive of the fairness of the proposed settlement, but simply determines whether it falls within the "range of possible approval." *Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 301-02 (E.D. Cal. 2011). It simply establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have an opportunity to develop a response. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Preliminary approval is appropriate if: "'[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with[in] the range of possible approval." *Collins*, 274 F.R.D. at 301-02 (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079).

Rule 23(e)(1) requires that a court approving a class action settlement must "direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id.* Rule 23(c)(2)(B) requires the "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* A class

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 5
010234-11 582355 V1

action settlement notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., LLC v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

**B.     The Proposed Settlement Merits Preliminary Approval.**

   **1.     The Settlement Agreement obtains the maximum relief available to the Class.**

Foremost, the proposed settlement merits preliminary approval because it obtains the maximum recovery for a narrowly defined class in exchanged for an appropriately tailored release. The maximum statutory recovery in a class action under the Rosenthal Act is $500,000 plus attorney fees and costs. 15 U.S.C. § 1692k(a); CAL. CIV. CODE § 1788.17; *see Gonzales v. Arrow Fin. Servs., LLC*  233 F.R.D. 577, 581 (S.D. Cal. 2006) (Rosenthal Act "incorporate[s] the remedies included in section 1692k"). This is the maximum recovery available because the Court dismissed Plaintiffs' contract and restitution claims, and at the class certification hearing held that restitution of the trial plan payments was not available because they were applied to a preexisting debt.

Although the Rosenthal Act provides for other "actual damages," Plaintiffs' do not believe they are not a viable remedy in this case. 15 U.S.C. § 1692k(a). It is hard to conceive of actual *economic* damages suffered by the Settlement Class as a result of receiving the SFA offer, which this Court determined was unenforceable, other than the trial payments themselves, which this Court determined were not recoverable. Likewise, actual *emotional* damages under the Rosenthal Act seem to be limited to circumstances involving abusive or harassing debt collection practices. *See Hartung v. J.D. Byrider, Inc.*, 2009 U.S. Dist. LEXIS 54415, at *16-21 (E.D. Cal. June 26, 2009); *Valero v. Bryant, LaFayette & Assocs., LLC*, 2011 U.S. Dist. LEXIS 40578 (E.D. Cal. Apr. 14, 2011).  Some authorities require satisfaction of the elements of the state law claim for intentional infliction of emotional distress. *See id.*

In any event, to the extent outlier cases of such actual damages may exist, they should not be an impiment to this proposed class settlement. The fact of the matter is that no class was certified, and Wells Fargo's arguments raised uncertaintity about the Court's ruling on class certification that further underscore the reasonableness of the settlement. The notice and opt-out

1    rights in the settlement provide adequate protection to the class. As Wells Fargo disseminated the

2    SFA offers since 2009, and the Rosenthal Act has a one-year statute of limitations, it is fair to

3    assume that potential class members who thought they had significant actual damage claims would

4    have brought them by this time, or at least be aware of them. If not, the tolling and notice provided

5    for by this class action and settlement confer the best opportunity to pursue them.

6          **2.**     **All indicia of a fair class action settlement are present.**

7         All indicia of a fair class action settlement are present. When litigation has proceeded to the

8    point where "the parties have sufficient information to make an informed decision about

9    settlement," this factor weighs in favor of approval. *See Linney v. Cellular Alaska P'ship*, 151 F.3d

10   1234, 1239 (9th Cir. 1998). The length and progress of the case reflect both sides' hard advocacy

11   on behalf of their clients and Plaintiffs' efforts to reach settlement that they believe to be fair,

12   adequate, reasonable, workable, and in the best interests of the class.

13        In addition, the settlement was reached through informed arms-length negotiation, with no

14   evidence of collusion or conflict with the interests of the class. On the contrary, the Settlement

15   Fund is non-reversionary, and the potential class counsel fee award is capped at $500,000, which is

16   well below their actual lodestar in this case. Moreover, the attorney fee and representative plaintiff

17   service award are subject to Court approval, and the settlement is in no way contingent on them.

18   Settlement Agreement, § A.7.

19         **3.**     **The proposed attorney fee award is reasonable.**

20        Although the amount of the class counsel attorney fee award is not at issue yet, it is worth

21   noting that the proposed award is reasonable. This is not a common fund case because the class

22   recovery is statutorily capped under the Rosenthal Act. 15 U.S.C. § 1692k(a), which  provides for

23   fee-shifting.  It is well settled that the Rosenthal Act's fee-shifting provision is "intended to

24   encourage attorneys to pursue … claims despite potentially low recoveries." *Schwarm v.*

25   *Craighead*, 814 F. Supp. 2d 1025, 1030 n.1(E.D. Cal. 2011). Thus, it is wholly appropriate that the

26   prosecuting attorneys obtain a complete fee recovery regardless of the amount of the class

27   recovery. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012). Here, it is

28

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 7
010234-11  582355 V1

1   wholly uncontroversial because the Settlement Class will receive the maximum available

2   regardless of the amount of the attorney fee award. *See id*.

3   As it happens, Plaintiffs' attorneys agreed to accept a substantial discount off lodestar in

4   order to facilitate the settlement. As of the time the parties reached terms on the other elements of

5   the settlement, Plaintiffs attorney fee lodestar and costs already totaled nearly $600,000, and they

6   have and will incur substantial additional fees before the settlement is completed. Nevertheless,

7   Plaintiffs' attorneys agreed to accept the $500,000 fee cap in order to facilitate the settlement.

8   **4.     The proposed Settlement Class satisfies Rule 23.**

9   Under Rule 23(a), the party seeking certification must first show that, "(1) the class is so

10  numerous that joinder of all members is impracticable; (2) there are questions of law or fact common

11  to the class; (3) the claims or defenses of the representative parties are typical of the claims or

12  defenses of the class, and; (4) the representative parties will fairly and adequately protect the

13  interests of the class."  Fed. R. Civ. P. 23(a).  Second, the proposed class is required to meet the

14  requirements of at least one of the bases set forth in Rule 23(b). In certifying a settlement class, the

15  Court is not required to determine whether the action, if tried, would present intractable management

16  problems. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). While the Court must ensure

17  that it conducts a rigorous and undiluted analysis of the requirements of Rule 23 when certifying a

18  class for settlement, the decision rests soundly within its discretion. *Id*. at 620, 624.

19  The Court is in a particularly good position to assess settlement certification in this case

20  because Plaintiffs have already thoroughly briefed it on the merits of class certification, which came

21  for hearing on June 15, 2012. At that time the Court stated it was "inclined" to certify a class. Most

22  of the counter-argument against certification involved manageability issues that are cured by the

23  proposed settlement.

24  In any event, the settlement meets the threshold requirements of Rule 23(a) without

25  difficulty. Numerosity is not in doubt. Whether the SFA offer violated the Rosenthal Act and UCL

26  presents common issues of fact and law. Plaintiffs are typical because the SFA offer they received

27  was identical or substantively similar to the one Wells Fargo sent to all the other class members.

28

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 8
010234-11  582355 V1

1    Plaintiffs are adequate class representatives because they have no conflict with the class and are

2    represented by counsel with national class action litigation experience.

3            Plaintiffs also satisfy the standards required under Rule 23(b)(3) to proceed as a class.  An

4    action can be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact

5    common to class members predominate over any questions affecting only individual members, and

6    that a class action is superior to other available methods for fairly and efficiently adjudicating the

7    controversy."  Fed. R. Civ. P. 23(b)(3).  Here, common issues predominate as the merits of

8    Plaintiffs' claims rest on the application of an objective standard to a single form letter received by

9    the entire class. Determining whether such a uniform collection letter is deceptive under the

10   Rosenthal Act has generally been held a dispositive issue for class certification purposes. *See*, *e.g.*,

11   *Gonzales v. Arrow Fin. Servs., LLC*, 233 F.R.D. at 583 (class certification granted); *see also*

12   *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1059 (9th Cir. 2011) (summary judgment for

13   plaintiff class affirmed). Obtaining a class-wide answer to this common question would be the

14   superior means for resolving this controversy.

15   **C.      The Proposed Notice and Claims Process are the Best Practicable,**

16           The proposed notice and claims process also satisfies Rule 23 and due process. All class

17   members who will be bound by the proposed settlement will be sent the notice individually to their

18   last known address, as updated through the Postal Service change of address database. *See*

19   Settlement Agreement, § C.4. In the same envelope, all will also be given the opportunity to make

20   a claim. *See id*. The proposed notice form clearly alerts them of the need to act if they wish to do

21   so, or to object to or avoid being bound by the settlement. *See id*. at Ex. B. The proposed claim

22   form is easy to complete. *See id*. at Ex. B.

23           The utilization of a claims process is appropriate because the Settlement Fund is non-

24   reversionary and will ultimately be divided equally among all class members who make claims.

25   Ideally, perhaps, each class member bound by the settlement would simply receive a settlement

26   payment, but that would not be realistic in this case. Making claims is necessary under these

27   circumstances because of the impracticality of identifying each class member with sufficient

28

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 9
010234-11  582355 V1

certainty to justify simply mailing checks blindly. Plaintiffs' attorneys are satisfied that, for settlement purposes, the expense involved would be disproportionate to their payment.

## VII.   CONCLUSION

Plaintiffs respectfully request that the Court enter the Proposed Preliminary Approval Order, preliminarily approve the parties' proposed class action settlement, certify a class for settlement purposes only, order notice of the Settlement to class members, and grant all such other relief that the Court deems necessary and appropriate.

DATE:  January 28, 2013                **HAGENS BERMAN SOBOL SHAPIRO LLP**

By ____/s/ Thomas E. Loeser_____
      Steve W. Berman (*Pro Hac Vice*)
      Thomas E. Loeser (Cal. Bar No. 202724)
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

**LAW OFFICE OF PETER FREDMAN**
Peter B. Fredman (Cal. State Bar No. 189097)
125 University Ave, Suite 102
Berkeley, CA  94710
Telephone:  (510) 868-2626
Facsimile:  (510) 868-2627
peter@peterfredmanlaw.com

**LAW OFFICE OF DAVID PIVTORAK**
David Pivtorak (State Bar No. 255943)
50 Francisco St., Suite 103
San Francisco, CA  94133
Telephone:  (415) 484-3009
Facsimile:  (877) 748-4529
pivtoraklaw@gmail.com

Attorney for Plaintiffs
GUSTAVO REYES and MARIA TERESA
GUERRERO, individually, and on behalf of others
similarly situated