UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GUSTAVO REYES and MARIA TERESA GUERRERO, husband and wife, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national bank; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:10-cv-01667-JCS<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT CLASS COUNSEL FEES AND EXPENSES AND REPRESENTATIVE PLAINTIFF INCENTIVE AWARDS**<br><br>Date: October 11, 2013<br>Time: 1:30 p.m.<br>Dept.: G, 15th floor, S.F.<br>Judge: Hon. Joseph C. Spero |

This matter came before the Court for hearing on October 11, 2013 pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). *See* Dkt. No. 147. Plaintiffs seek final approval of the Class Action Settlement Agreement and Release ("Settlement Agreement") (Dkt. No. 136-1) as amended by the Stipulation Amending Settlement Agreement In Support Of Preliminary Approval Of Class Settlement ("Stipulation Amending Release") (Dkt. No. 146), including fee and expense awards to Class Counsel and incentive

...

awards to the representative plaintiffs.

  Adequate notice having been given of the settlement as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings held, there being no objections to the settlement, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

  1. This Judgment incorporates and approves the Settlement Agreement as fair reasonable and adequate in all respects, and the terms used herein shall have the same meaning as set forth in the Settlement Agreement.

  2. This Court has jurisdiction over the subject matter of the Lawsuit and over all parties to this Action, including all Settlement Class Members, as such term is defined in the Settlement Agreement.

  3. The Court appoints Plaintiffs Gustavo Reyes and Maria Teresa Guerrero, husband and wife, as representatives of the Settlement Class.

  4. The Court finds that the requirements of Rule 23 are satisfied with respect to the Settlement Class: (a) the members of the Settlement Class are so numerous that joinder of all of them is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have and will fairly and adequately represented the Settlement Class.

  5. The Settlement Class is permanently certified as follows: all Wells Fargo Bank California borrowers who: (a) were sent special forbearance agreements and offer letters substantially similar to those sent to Plaintiffs between March 12, 2009 and October 31, 2012 (and were sent notice as described in paragraph 4 of the Preliminary Approval Order); (b) made all "trial plan" payments required under the agreements; *and* (c) did not receive loan modifications at the end of the forbearance period. The Settlement Class is further limited to persons identified on the list provided by Wells Fargo to whom the Settlement Administrator mailed the notice and claims package.

  6. This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant that this Action, or any other proposed or

1 certified class action, is appropriate for any other purpose, including, without limitation, for trial
2 class treatment.

3     7.    The Class Notice mailed to Settlement Class Members fully and accurately
4 informed Settlement Class Members of all material elements of the proposed settlement, and the
5 mailing constituted valid, due, and sufficient notice to all Settlement Class Members, and the best
6 notice practicable under the circumstances.

7     8.    The Court finds that the persons identified in Exhibit A hereto made timely and
8 valid requests for exclusion from the Settlement Class pursuant to the Class Notice.  No Class
9 members, other than those listed in Exhibit A, are excluded from the Class, or from the effect of
10 this Order or the judgment to be entered hereon.

11     9.     The Court finds that there are no objections to the settlement.

12     10.    The Court approves the Participation Awards in the amount of $5000 to Plaintiff
13 Gustavo Reyes and $5000 to Plaintiff Maria Teresa Guerrero for their services as class
14 representatives in accordance with the Settlement Agreement and finds that such awards are fair,
15 reasonable, and appropriate in this case.

16     11.    Plaintiffs' attorneys, Hagens Berman Sobol Shapiro LLP, Law Office of Peter
17 Fredman, and Law Offices of David Pivtorak, are approved as Class Counsel.

18     12.    Class Counsel are awarded the total sum of $500,000.00 accordance with the
19 Settlement Agreement, and finds that such an award is fair and reasonable and that the discounts
20 off their actual lodestars that they agreed to in order to facilitate the settlement do not represent the
21 Court's imposition of a negative multiplier and or determination that the base lodestars were
22 unreasonable.

23     13.    The Court orders the parties to the Settlement Agreement to perform their
24 obligations thereunder pursuant to the terms of the Settlement Agreement and final Plan of
25 Distribution attached hereto as Exhibit B, including as follows:

26     a.    The Court appoints Tilghman & Co., P.C. as the Settlement Administrator
27 to administer and distribute the Settlement Fund.

28     b.    Within 10 days of the Effective Date of the settlement agreement, Wells

1 Fargo shall pay the $500,000 Settlement Fund to the Settlement Administrator, who shall then
2 forthwith pay the Participation Awards to the named plaintiffs and distribute the balance in equal
3 portions to each member of the Settlement Class who made valid claims by checks that expire in
4 not less than 90 days.

5         c.     Within 10 days of the Effective Date of the settlement agreement, Wells
6 Fargo shall pay directly to Class Counsel the attorney fee and cost award as set forth above.

7         d.     Wells Fargo shall directly bear all costs of notice, settlement administration,
8 claims processing, and the Settlement Administrator.

9         e.     The Settlement Administrator shall pay any residual in the Settlement Fund
10 resulting from un-cashed checks or to the approved *cy pres* recipient.

11         f.     On __May 1__, 2014, the Settlement Administrator shall file declaration
12 and proposed order providing a final accounting for the distribution of the Settlement Fund and
13 seeking an order releasing any to the *cy pres.*

14     14.     The Court orders that Judgment be entered on the terms of the Settlement
15 Agreement as set forth in this Order and Judgment and dismisses the complaint in this case and
16 all claims and causes of action asserted therein, on the merits and with prejudice, as to the Class
17 Representative and all Settlement Class Members. This dismissal is without cost to any party
18 except as specifically provided in the Settlement Agreement.

19     15.     The Court adjudges that the Class Representatives and all Settlement Class
20 Members who did not request exclusion shall, to the extent provided by the Settlement
21 Agreement, conclusively be deemed to have released and discharged Wells Fargo and all other
22 Released Entities, as that term is used in the Settlement Agreement, from any and all Released
23 Claims, as that term is defined in the Settlement Agreement, as amended, which Class
24 Representatives and any Settlement Class Member have, has, or may have in the future, to the
25 extent provided in the Settlement Agreement.

26     16.     The Court bars and permanently enjoins the Class Representatives and all
27 Settlement Class Members from asserting, instituting, or prosecuting, either directly or indirectly,
28 any Released Claims as that term is defined in the Settlement Agreement, which the Class

1 Representatives or any Settlement Class Member had, has, or may have in the future, to the extent
2 provided in the Settlement Agreement.  The terms of the Agreement and the Judgment entered
3 upon this order shall be forever binding on, and shall have *res judicata* effect in any pending or
4 future lawsuits or proceedings that may be brought or maintained by or on behalf of any Class
5 members.

6      17.     This settlement, including this Order and Judgment and the Settlement Agreement,
7 are not admissions or concessions by Wells Fargo of any fault, omission, liability, or wrongdoing.
8 This Order and Judgment is not a finding of the validity or invalidity of any claims in this Action
9 or a determination of any wrongdoing by the defendant.  The final approval of the Settlement
10 Agreement does not constitute any opinion, position, or determination of this Court, one way or
11 the other, as to the merits of the claims and defenses of the Plaintiff, the Settlement Class
12 Members or Wells Fargo.

13      18.     Without affecting the finality of this Order and Judgment, the Court retains
14 jurisdiction over: (1) implementation and enforcement of the Settlement Agreement pursuant to
15 further orders of the Court, until such time as the final judgment contemplated hereby has become
16 effective and each and every act agreed to be performed by the parties hereto shall have been
17 performed pursuant to the Settlement Agreement, including all payments set forth thereunder; (2)
18 any other action necessary to conclude this settlement and implement the Settlement Agreement;
19 and, (3) the enforcement, construction, and interpretation of the Settlement Agreement including,
20 but not limited to, any dispute concerning Settlement Class Members' release of Released Claims.

21      19.     The Court finds that no just reason exists for delay in entering this Judgment and
22 the Clerk is hereby directed forthwith to enter it.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  IT IS SO ORDERED, ADJUDGED AND DECREED

4  DATED: __October 11__, 2013

_(signed)_
Hon. Joseph C. Spero
United States District Judge